UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MICHAEL J. HOLMES,**

    *Plaintiff*,

v.                                                           Case No. SA-22-CV-1294-JKP

**MVM INC.,**

    *Defendant*.

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions: (1) a Motion to Dismiss (ECF No. 5) filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(6) and (2) a Motion for Leave to File (ECF No. 6) filed by Plaintiff and docketed as a Motion to Remand. Despite the docket entry for the latter motion, it is merely a motion for leave to file a motion to remand. Neither side has responded to the other party's motion and the time for doing so has passed.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(d)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address unopposed motions on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant either motion merely because the other side has not responded. It instead examines the merits of the motions and applies the well-established standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of responses, there is no need to set out a detailed analysis of the law or legal issues.

Proceeding pro se, Plaintiff brings this case for alleged violations of "Title VII of the Civil Rights Act of 1964 and Chapter 21 Texas Labor Code." *See* Pl.'s Orig. Verified Pet. (attached as Ex.

A to Notice of Removal (ECF No. 1)) at 2. According to Plaintiff, Defendant employed him "as a subcontractor on the Travel Youth Care Worker assignment on or around May 17th, 2021 after the Plaintiff signed the first NDA." *Id*. at 3. And during an interview "for a permanent position," Defendant indicated that the permanent position would require that he speak Spanish. *Id*. at 1-2. Defendant provided Plaintiff with three months to become fluent in Spanish. *Id*. at 2. Defendant also required Plaintiff to sign a "second NDA form" before it would "place the Plaintiff on any more trips." *Id*. Before that signature requirement, Plaintiff had submitted an "assignment incident report." *Id*. at 2-3.

Based on these alleged facts, Plaintiff asserts a single claim – race discrimination. *See id*. at 3. He makes the following three contentions to support his claim:

> (1) "The Defendant has not required the Defendant's subcontractor of another race to fulfill a qualification that was not listed (on that date) as a requirement (on the Defendant's job positing for that position) in order to be qualified and hired for the position."
>
> (2) "The Defendant has not removed the Defendant's subcontractor of a different race from working as a Travel Youth Care Worker because that subcontractor did not sign the exact (second) NDA the Plaintiff received (to continue working as a subcontractor for the Defendant).
>
> (3) "The Defendant has not required their subcontractor of a different race, to sign the same (second NDA the Plaintiff was asked to sign by Defendant after the subcontractor of another race submitted an assignment incident report (of the same incident) to the Defendant."

*Id*. Plaintiff seeks monetary relief and a jury trial. *Id*.

## I. REMAND

Plaintiff has moved for leave to file a motion to remand. *See* ECF No. 6. But he identifies no legal basis for seeking or obtaining such leave. He merely states that he wants to file a motion to remand "because of defects by the defendant." *Id*. at 1. But any "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Because Defendant removed this case more than thirty days ago, the only basis for remand is an absence of subject matter

jurisdiction. Plaintiff, however, does not contest the subject matter jurisdiction of this Court. Nor could he reasonably do so based upon his Title VII claim brought pursuant to federal law. Based on that claim, this Court has jurisdiction under 28 U.S.C. § 1331. For these reasons, the Court denies Plaintiff leave to file a motion to remand. And to the extent the Court construes the instant motion as a motion to remand, it denies the motion for lack of any legitimate basis for remand.

## II. MOTION TO DISMISS

Defendant urges the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) because (1) a preference for language skills is not a protected category under Title VII or the Texas Commission on Human Rights Act ("TCHRA") and (2) Plaintiff's factual allegations do not satisfy the standards for stating a claim set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Essentially for the reasons set out in the motion to dismiss, the Court agrees that neither Title VII nor the TCHRA is necessarily violated by a language requirement or a hiring requirement that employees be bi-lingual. *See Church v. Kare Distribution, Inc.*, 211 F. App'x 278, 280-81 (5th Cir. 2006) (per curiam) (applying Rule 12(b)(6) standard that pre-dated *Twombly* and *Iqbal*). Plaintiff has presented insufficient factual allegations to support a claim of racial discrimination under either statute. His claims are conclusory and without adequate factual detail.

## III. LEAVE TO AMEND

In general, courts should provide pro se litigants an opportunity to amend before dismissing a complaint. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). Leave to amend is not required, however, when plaintiffs have already pled their "best case." *Id*. at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispen-

sation from the court of appeals." *Id*.

Plaintiff has not asked to amend his complaint. Moreover, according to Defendant's certificate of conference, it complied with this Court's standing order and Plaintiff did not file anything to amend his complaint before Defendant filed its motion to dismiss. *See* ECF No. 5 at 9. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 4 at 1. Through this Standing Order, "the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)).

Based upon all of the foregoing, the Court finds that Plaintiff has stated his best case and thus declines to exercise its discretion to permit the filing of an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss (ECF No. 5) filed by Defendant and **DENIES** the Motion for Leave to File (ECF No. 6) filed by Plaintiff and docketed as a Motion to Remand. Because Plaintiff's allegations fail to state a plausible claim under *Twombly* and *Iqbal*, the Court **DISMISSES** this action with prejudice. It will separately issue a final judgment in accordance with Fed. R. Civ. P. 58.

**SIGNED this 4th day of January 2023.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE