**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**MICHAEL J. HOLMES,**

   *Plaintiff*,

v.                                                              Case No. SA-22-CV-1294-JKP

**MVM INC.,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a filing by pro se Plaintiff, Michael J. Holmes. *See* ECF No. 9. Plaintiff characterizes the filing as a "Motion for Leave to File a Response to Final Judgment." For the reasons that follow, the Court will ultimately construe the filing as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and deny it. But a few things must be addressed before reaching that ultimate construction and ruling.

Within the motion portion of the filing, Plaintiff makes no effort to explain why he needs to seek leave or why the Court should grant him leave. Had the Court treated the filing as an actual motion for leave, that deficiency of itself could have resulted in denying the requested leave. Plaintiff's proposed response to the judgment, however, sheds some light on why he seeks leave to file the attachment. Through the attached response Plaintiff explains that he is required to seek leave before filing documents in this case. He then sets out four "Controversial Issues."

**A. Controversial Issue 1**

Plaintiff first takes issue with the filing restrictions imposed upon him. He then submits that Defendant has committed aggravated perjury by submitting numerous falsifying motions/documents. He takes issue with Defendant making filings without needing to obtain leave of court. Because these issues are essentially duplicated in Plaintiff's other controversial issues, the Court will consider them within the context of the other issues.

**B. Controversial Issue 2**

Plaintiff's Second Controversial Issue relates to the requirement that he must seek leave of court to file matters. He attaches Exhibit 1 to reflect that filing restriction. Exhibit 1 is the first page of an Order Denying Motion for Leave to File Complaint in Civil Action No. SA-22-CV-0002-FB. That order indeed shows that the Western District of Texas has imposed a filing restriction on Plaintiff. According to Exhibit 1, Plaintiff is barred from filing any future action in the Western District without first obtaining judicial permission. A review of a Filer Status Report dated January 18, 2023, shows that Plaintiff's filing status has been restricted since December 2, 2021.

The report shows four cases recognizing the restriction and lists ten other cases without a notation. Three of the fourteen cases were before the undersigned, two of which were filed prior to the filing restrictions and thus dismissed without reference to the restriction, *see Holmes v. Bemporad*, No. SA-21-CV-00540-JKP, unpub. order (W.D. Tex. Sept. 1, 2021); *Holmes v. Ezra*, No. SA-21-CV-00689-JKP, unpub. order (W.D. Tex. Sept. 1, 2021), and one resulting in the denial of leave to file the action, *see Holmes v. Yeakel*, No. SA-21-CV-01234-JKP, unpub. order (W.D. Tex. Jan. 13, 2022).

While the imposed filing restriction may have been extended to requiring permission to file any document in any case in the Western District, Exhibit 1 does not reflect that expansion and the Court is unaware of such expansion. This case, furthermore, did not arise from Plaintiff filing a motion seeking leave to file the civil action. It instead arrived in federal court through removal from state court. Neither party previously raised any filing restriction as a material matter for this case, although Plaintiff did file a motion for leave to file a motion to remand without explaining why he sought leave to file. The instant motion for leave provides the first indication that a filing restriction may be at issue.

Relatedly, in his first listed issue, Plaintiff takes issue with the filing restrictions imposed upon him and points out that Defendant does not have a corresponding restriction. Plaintiff essentially disagrees with the way sanctions work. Because a court found that Plaintiff had engaged in sanction-

2

able conduct, it imposed filing restrictions upon him. Other courts generally enforce imposed sanctions. To do otherwise reduces their effectiveness. That Defendant does not suffer the same filing restrictions is simply a reflection that it is not a sanctioned litigant subject to a court-imposed filing restriction. The undersigned has not imposed sanctions against Plaintiff but will enforce imposed sanctions to the full extent allowed under applicable law. And, when warranted, the Court will impose additional sanctions for misconduct.

**C. Controversial Issue 3**

Plaintiff's Third Controversial Issue relates to Defendant purportedly falsifying the date Plaintiff submitted his motion to remand. He provides a photo of a "Motion to Remand" received in this case on December 20,2022 at 12:08 PM. Until the Court had the matter corrected yesterday, the official court record did not reflect that specific filing. It instead showed a "Motion for leave to file" with that same date and time, which was docketed as a Motion to Remand. Hypothesizing that the photo Plaintiff now provides may represent an attachment that should have been with the filed motion for leave, the Court conducted an internal investigation. That investigation revealed that the attachment had indeed been received with ECF No. 6 but was not docketed during the winter holidays when numerous employees were on holiday vacation. This discovery resulted in a correction to the docket. *See* Notice of Correction dated Jan. 18, 2023. Suffice to say, Defendant had nothing to do with the omitted attachment. And the Court has now corrected the docket, properly identifying the ECF No. 6 as a Motion for Leave to File with an attached proposed Motion to Remand. The ramifications of this correction will be addressed in due course.

**D. Controversial Issue 4**

Plaintiff's Fourth Controversial Issue relates to alleged crimes committed by Defendant in falsifying or tampering with government documents, in committing fraud, forgery, falsification of records, perjury, and public corruption. Although Plaintiff recites these areas of criminal law, he provides no facts to support any alleged crime or to connect the alleged crimes to this case. The Court will not further consider such conclusory allegations.

**E. Ramifications of Docketing Correction**

Earlier this month, the Court addressed the matters then pending before the Court in this case, found no basis to remand this case, and found the case subject to dismissal based on the motion of Defendant. Accordingly, the Court entered a final judgment. That series of events led Plaintiff to file the instant motion for leave to respond to the judgment. The Court has considered his response and its independent investigation led to the docketing correction.

Nevertheless, because Plaintiff filed the motion for leave within twenty-eight days of the judgment, the Court may reasonably construe the motion as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 4 (2022); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label"). The Court thus treats Plaintiff's motion in its entirety as one arising under Rule 59(e) rather than as seeking leave to file a response to the judgment.

Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id.* (omitting citation, internal quotation marks and brackets). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 1703 & n.2.

4

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id.* (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Here, Plaintiff makes no argument as to any manifest error of law. Nor has he presented any new evidence, although he did provide information that led to the corrected docket entry for his prior motion for leave to file a motion to remand, which presents a similar situation – arguments presented but not considered prior to entry of judgment. His response to the judgment essentially urges the Court to find a manifest error of fact – either caused by the allegations of fraud against Defendant or by the erroneous docketing of his motion to remand. If Plaintiff were able to show that remand was proper, the Court would not have reached Defendant's motion to dismiss. The Court will take a closer look at these possibilities.

Prior to correction, the Court considered Plaintiff's motion for leave (ECF No. 6) that had been docketed as a motion to remand. At that time, the docket reflected no attachment to the motion for leave. Despite the pre-corrected docket entry for the motion, the Court recognized that the filing was a motion for leave to file a motion to remand. After noting that Plaintiff had identified no legal basis for him seeking leave, the Court denied the motion because it did not state any basis for remand other than a conclusory statement about "defects by the defendant" without any elaboration. But the Court would have examined the attachment had it been docketed at that time. So, it now does so to determine whether there is any basis to alter to the Court's judgment or prior rulings.

In the attached motion to remand, Plaintiff identifies three defects that he contends warrant remand. In the first identified defect, he states that the right to file this case in this court expired in

5

November 2022 and provides exhibits to support that statement. The first exhibit is a certified letter from defense counsel complying with this Court's standing order regarding filing motions to dismiss. The second exhibit is a right-to-sue letter issued by the Equal Employment Opportunity Commission dated August 11, 2022, regarding a charge in Holmes v. Headway Workforce Solutions, EEOC Charge No. 451-2022-01679. That letter informed Plaintiff that the EEOC was terminating its investigation and notifying him that he had ninety days to file a civil action about his allegations. Plaintiff proposed motion to remand also reveals some connection between Headway Workforce Solutions and this case.

None of these exhibits affect the timeliness of Defendant's removal to federal court. Based upon the Notice of Removal (ECF No. 1) in this case, Defendant removed the state case within thirty days of Plaintiff commencing the state case. Based on the state court records and the Notice of Removal, Plaintiff has no legitimate argument for finding Defendant's removal untimely.

In his second identified defect, Plaintiff contends that Defendants committed perjury in its motion to dismiss (ECF No. 5) by intentionally providing a falsified statement. In his third identified defect, Plaintiff points to another alleged false statement by Defendant in its motion to dismiss. Neither of these alleged defects relate to the removal of this case. Consequently, they provide no basis for remanding the case.

And to the extent the Court considers the alleged defects as a potential reason to alter its ruling on the motion to dismiss, it finds no legitimate reason for altering that ruling or the resulting judgment. The identified statements that Plaintiff contends are false are merely Defendant's interpretation of Plaintiff's allegations in this case. That Plaintiff disagrees with those interpretations and points to his complaint has no impact on the Court's prior ruling. In granting the motion to dismiss, the Court reviewed Plaintiff's operative complaint independently and made its own interpretations and determinations as to what the complaint alleged. The identified false statements by Defendant had no bearing on the Court's determination.

Plaintiff concludes his proposed motion to remand with the following arguments: (1) no member of congress has opposed this case from moving forward in state court; (2) this case does not fall under the exclusive jurisdiction of federal courts; (3) the state court can hear this case without bias to any party; and (4) he has been barred from filing future actions in federal court. None of these arguments provide a legitimate basis for remand or for altering the judgment entered in this case.

For all of these reasons, the motion to remand presented by Plaintiff provides no basis to remand this case. Nor does it provide any reason for the Court to alter its prior ruling on the motion to dismiss. Although Plaintiff's present motion led to the correction of the docket in this case, considering the prior motion as corrected with its attached proposed motion to remand provides no reason to reconsider, alter, or amend its prior rulings or the resulting final judgment in this case. Plaintiff has shown no manifest error in law or fact. Nor has he presented anything that warrants altering the prior rulings of the Court or the resulting entry of judgment. Accordingly, the Court **DENIES** the Motion for Leave to File a Response to Final Judgment (ECF No. 9), which the Court has construed as a motion filed under Fed. R. Civ. P. 59(e). **Given this construction, the Court DIRECTS the Clerk of Court to characterize ECF No. 9 as a "Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)."**

Because "[t]he filing of a Rule 59(e) motion within the 28-day period 'suspends the finality of the original judgment for purposes of appeal . . . [o]nly the disposition of that motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Construing the instant motion as a motion filed under Rule 59(e), therefore, suspended the Court's judgment pending this disposition. And this denial thus commences the thirty-day appellate clock.

**SIGNED this 20th day of January 2023.**

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE